UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTARO A. GUZMAN, Plaintiff, v. JAMES ACKERMAN, Defendant. | Case No.: 26-cv-4116-BJC-JAC<br>**ORDER:**<br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAPUERIS; AND**<br>**(2) DISMISSING CASE WITHOUT PREJUDICE** |

On July 17, 2026, Plaintiff Gustaro A. Guzman, proceeding *pro se*, filed a Complaint along with a Motion to Proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. For the following reasons, the Court **GRANTS** Plaintiff's IFP Motion and **DISMISSES** the Complaint without prejudice.

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.00. *See* 28 U.S.C. § 1914(a); Civ.L.R. 4.5. A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all their assets, showing that they are unable to pay the fees. See 28 U.S.C. § 1915(a).

Plaintiff has submitted an application to proceed in district court without paying the filing fee. ECF No. 2. The application reflects that Plaintiff's sole source of income is food stamps in the amount of $287 per month. *Id.* at 2. His total monthly expenses are listed as $287. *Id.* at 4. In light of Plaintiff's limited income and modest financial resources, the Court finds that he lacks sufficient funds to pay the filing fee while still "afford[ing] the necessities of life. See *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Accordingly, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

**SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoner"); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To proceed with an action in federal court, a plaintiff must establish that the court has subject matter jurisdiction. There are two types of subject matter jurisdiction – federal question jurisdiction and diversity jurisdiction. *Tesla Motors, Inc. v. Balan*, 134 F.4th 558, 560 (9th Cir. 2025). Under federal question jurisdiction, the plaintiff must plead a colorable claim "arising under" the Constitution or laws of the United States to invoke federal question jurisdiction pursuant to 28 U.S.C. Section 1331. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question appears on the face of the plaintiff's complaint. *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020).

Federal Rule of Civil Procedure 8 requires a complaint to "contain: (1) a short and

plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. Courts have a duty to construe *pro se* pleadings liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*) (noting that courts hold *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers"). However, "a liberal interpretation of a [*pro se*] complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's Complaint is difficult for the Court to ascertain. The Complaint begins with "James Ackerman Jr. was talking shit about everyone I worked with at Hooters . . . except himself with a cloned voice through telepathy." ECF No. 1 at 2. Plaintiff goes on to describe a series of events, including his family relationships, *id.* at 3, his relationship with James Ackerman, *id.* at 6, Plaintiff's romantic relationships, *id.* at 7, and Plaintiff's loss of employment. *Id.* at 9. As currently pled, the Complaint fails to assert a colorable claim "arising under" the Constitution or laws of the United States to invoke federal question jurisdiction pursuant to 28 U.S.C. Section 1331. *Arbaugh v. Y&H Corp.*, 546 U.S. at 513. For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: October 1, 2026

Honorable Benjamin J. Cheeks
United States District Judge